CONWAY v. STEVENS.

(City Court of New York, General Term. June 29, 1899.)

APPEAL—REVIEW—CONFLICT OF EVIDENCE.
    A verdict on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by Benjamin F. Conway against C. Amory Stevens. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

John A. Dutton, for appellant.
Frank E. Hipple, for respondent.

CONLAN, J. Plaintiff alleged in his complaint, in substance, that defendant authorized him to procure a customer for the purchase of a condenser, and agreed that the plaintiff should receive as commission for such service all sums over $600 which such customer should pay for the same; that subsequently plaintiff procured a customer, who was ready and willing to pay $850 for the condenser, and to whom the condenser was thereafter sold. The amended answer contained, in effect, a general denial; and also a separate defense, whereby defendant alleged that, upon representa-

tions of the plaintiff that the condenser was not worth more than $700, defendant gave plaintiff an option for five days to purchase the condenser at $600; that plaintiff failed to purchase within that time, and defendant rescinded the option. The answer also admitted the sale of the condenser by the defendant for $750. It appears from the trial that the plaintiff was in communication with a firm at Mobile, Ala., concerning the purchase by them of the condenser in question, and that their representative called upon the plaintiff, and was shown by him the condenser in question, together with one other. There is a sharp conflict as to what was to be the price for the article selected, and it does not appear that any further negotiations were had between the parties. Thereafter this representative called upon the defendant, and entered into negotiations with the latter for its purchase, and, under the alleged five-day option, it is alleged the defendant called upon the plaintiff at the expiration thereof, and told him that he had a chance to dispose of the same which he did not wish to lose, and asked the plaintiff if he desired to purchase the condenser, and received from him a negative reply, and thereafter sold the condenser to the Alabama firm, through their representative.

We do not recall a case where the evidence upon both sides has been more in conflict, and less susceptible of being harmonized, than the one above. Indeed, the conflict is not only upon the main question at issue, but upon all the other questions in the case. The terms of the agreement between the plaintiff and the defendant, as well as the price which was asked by the plaintiff from the Alabama firm, are in sharp dispute, and the whole question was therefore in the province of the jury to determine, upon distinct questions of fact and upon all the evidence adduced. The comment of the trial justice that the jury might disregard the evidence of a material witness was not to the prejudice of either of the parties to the record, as they were both vitally interested in the determination to be reached, and the jury could not, therefore, infer that there was any leniency intended for the one side or severity for the other. Indeed, we fail to discover any criticism which gave to the one an advantage over the other in the mind of the jury with their opinion as to the amount of credibility which was to be given, or really was given, to the evidence upon the other side. The rule in that behalf has been so clearly defined, and so firmly maintained, in a long line of authorities, that we are not disposed to call it in question. There is nothing in the case that points to any wrongdoing by the jury, or to disturb us in the opinion that the verdict was reached after mature deliberation, and the courts of appeal will not, as has been seen, undertake to set aside a conclusion so arrived at when there has been such a sharp conflict of evidence as in the case presented by the record.

Entertaining these views, it follows that the judgment and order appealed from must be affirmed, with costs. All concur.